

ROBERT S. SOLA
Oregon State Bar ID Number 84454
rssola@msn.com
Robert S. Sola, P.C.
8835 S.W. Canyon Lane, Suite 130
Portland, Oregon 97225
Telephone (503) 295-6880
Facsimile (503) 291-9172
Attorney for Plaintiff Jaime Rodriguez

FILED'08 JUL 03 14:01 USDC-ORP

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| JAIME RODRIGUEZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CAPITAL ONE SERVICES, INC., a foreign corporation,<br>CITIFINANCIAL AUTO LTD., a foreign corporation, and<br>CREDIT MANAGEMENT LP, a foreign partnership,<br><br>　　　　　Defendants. | Case No.<br><br>**CV'08 - 801 MO**<br>**COMPLAINT**<br><br>(Fair Credit Reporting Act)<br><br>Jury Trial Requested |

1.

This case is brought pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, and the court has jurisdiction pursuant to 15 U.S.C. § 1681p.

2.

Plaintiff Jaime Rodriguez ("plaintiff") is a consumer as defined by the Fair Credit Reporting Act (FCRA), 15 USC §1681a(c).

///

///

Page 1 – COMPLAINT

21948

3.

Defendant Capital One Services, Inc. ("Capital One") is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2.

4.

Defendant Citifinancial Auto Ltd. ("Citifinancial") is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2.

5.

Defendant Credit Management LP ("CMI") is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2.

6.

Plaintiff is a victim of identity theft. The identity thief used plaintiff's name and Social Security number along with an address in Waterloo, Iowa to open credit accounts and obtain services. Plaintiff has never resided in Iowa.

7.

One of the fraudulent accounts was opened with Capital One. Capital One reported the account to national credit reporting agencies Trans Union LLC ("Trans Union") and Equifax Information Services LLC ("Equifax"). Plaintiff notified Trans Union that he disputed the Capital One account. Trans Union notified Capital One of plaintiff's dispute. Capital One wrongfully verified to Trans Union that the account belonged to plaintiff, causing it to remain on plaintiff's credit reports.

8.

Plaintiff then notified Capital One that he disputed the account and that he was the victim of identity theft.

9.

Capital One continued to report the account to Trans Union and Equifax. Plaintiff notified Trans Union and Equifax that he disputed the Capital One account. Trans Union and Equifax notified Capital One of plaintiff's dispute. Capital One wrongfully verified to Trans

Page 2 – COMPLAINT

Union and Equifax that the account belonged to plaintiff. Therefore, the account remained on plaintiff's credit reports. In responding to the dispute notices it received from Trans Union and Equifax, Capital One failed to report to Trans Union and Equifax that plaintiff had disputed the account with Capital One.

10.

Another fraudulent account was opened with Citifinancial. Citifinancial reported the account to Trans Union. Plaintiff notified Trans Union that he disputed the Citifinancial account. Trans Union notified Citifinancial of plaintiff's dispute. Citifinancial wrongfully verified that the account belonged to plaintiff causing it to remain on plaintiff's credit reports.

11.

The identity thief also incurred a debt that was eventually assigned to CMI for collection. CMI reported the collection account to Trans Union. Plaintiff notified Trans Union that he disputed the CMI account. Trans Union notified CMI of plaintiff's dispute. CMI wrongfully verified that the account belonged to plaintiff causing it to remain on plaintiff's credit reports.

FIRST CLAIM FOR RELIEF

(Against Capital One)

(Negligent Noncompliance with FCRA)

12.

Plaintiff realleges and incorporates paragraphs 1 through 11.

13.

Capital One negligently failed to comply with the requirements of FCRA, including 15 U.S.C. § 1681b and § 1681s-2(b).

14.

As a result of defendant's failure to comply with the requirements of FCRA, plaintiff has suffered, and continues to suffer, actual damages, including economic loss, denial of credit, increased cost of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy, emotional distress, and interference with normal and usual activities for which plaintiff

Page 3 – COMPLAINT

seeks damages in an amount to be determined by the jury.

15.

Plaintiff requests attorney fees pursuant to 15 USC §1681o(a).

## SECOND CLAIM FOR RELIEF

(Against Capital One)

(Willful Noncompliance with FCRA)

16.

Plaintiff realleges and incorporates paragraphs 1 through 11.

17.

Capital One willfully failed to comply with the requirements of FCRA, including 15 U.S.C. § 1681b and § 1681s-2(b).

18.

As a result of defendant's failure to comply with the requirements of FCRA, plaintiff has suffered, and continues to suffer, actual damages, including economic loss, denial of credit, increased cost of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy, emotional distress, and interference with normal and usual activities for which plaintiff seeks damages in an amount to be determined by the jury. Plaintiff also seeks punitive damages in an amount to be determined by the jury.

19.

Plaintiff requests attorney fees pursuant to 15 USC §1681n(a).

## THIRD CLAIM FOR RELIEF

(Against Citifinancial)

(Negligent Noncompliance with FCRA)

20.

Plaintiff realleges and incorporates paragraphs 1 through 11.

21.

Citifinancial negligently failed to comply with the requirements of FCRA, including 15

Page 4 – COMPLAINT

U.S.C. § 1681s-2(b).

23.

22.

As a result of defendant's failure to comply with the requirements of FCRA, plaintiff has suffered, and continues to suffer, actual damages, including economic loss, denial of credit, increased cost of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy, emotional distress, and interference with normal and usual activities for which plaintiff seeks damages in an amount to be determined by the jury.

23.

Plaintiff requests attorney fees pursuant to 15 USC §1681o(a).

## FOURTH CLAIM FOR RELIEF

(Against Citifinancial)

(Willful Noncompliance with FCRA)

24.

Plaintiff realleges and incorporates paragraphs 1 through 11.

25.

Citifinancial willfully failed to comply with the requirements of FCRA, including 15 U.S.C. § 1681s-2(b).

26.

As a result of defendant's failure to comply with the requirements of FCRA, plaintiff has suffered, and continues to suffer, actual damages, including economic loss, denial of credit, increased cost of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy, emotional distress, and interference with normal and usual activities for which plaintiff seeks damages in an amount to be determined by the jury. Plaintiff also seeks punitive damages in an amount to be determined by the jury.

27.

Plaintiff requests attorney fees pursuant to 15 USC §1681n(a).

///

FIFTH CLAIM FOR RELIEF

(Against CMI)

(Negligent Noncompliance with FCRA)

28.

Plaintiff realleges and incorporates paragraphs 1 through 11.

29.

CMI negligently failed to comply with the requirements of FCRA, including 15 U.S.C. § 1681s-2(b).

30.

As a result of defendant's failure to comply with the requirements of FCRA, plaintiff has suffered, and continues to suffer, actual damages, including economic loss, denial of credit, increased cost of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy, emotional distress, and interference with normal and usual activities for which plaintiff seeks damages in an amount to be determined by the jury.

31.

Plaintiff requests attorney fees pursuant to 15 USC §1681o(a).

SIXTH CLAIM FOR RELIEF

(Against CMI)

(Willful Noncompliance with FCRA)

32.

Plaintiff realleges and incorporates paragraphs 1 through 11.

33.

CMI willfully failed to comply with the requirements of FCRA, including 15 U.S.C. § 1681s-2(b).

34.

As a result of defendant's failure to comply with the requirements of FCRA, plaintiff has suffered, and continues to suffer, actual damages, including economic loss, denial of credit,

increased cost of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy, emotional distress, and interference with normal and usual activities for which plaintiff seeks damages in an amount to be determined by the jury. Plaintiff also seeks punitive damages in an amount to be determined by the jury.

35.

Plaintiff requests attorney fees pursuant to 15 USC §1681n(a).

Plaintiff requests a jury trial on all claims.

Prayer

WHEREFORE, plaintiff prays for judgment against each defendant as follows:

On the First Claim for Relief:

1. Actual damages to be determined by the jury; and

2. Attorney fees.

On the Second Claim for Relief:

1. Actual damages to be determined by the jury;

2. Punitive damages to be determined by the jury; and

3. Attorney fees.

On the Third Claim for Relief:

1. Actual damages to be determined by the jury; and

2. Attorney fees.

On the Fourth Claim for Relief:

1. Actual damages to be determined by the jury;

2. Punitive damages to be determined by the jury; and

3. Attorney fees.

On the Fifth Claim for Relief:

1. Actual damages to be determined by the jury; and

2. Attorney fees.

Page 7 – COMPLAINT

On the Sixth Claim for Relief:

1. Actual damages to be determined by the jury;

2. Punitive damages to be determined by the jury; and

3. Attorney fees.

On all claims for relief: costs and disbursements.

Dated this 3rd day of July 2008.

                Respectfully Submitted,

                _____
                Robert S. Sola, OSB # 84454
                (503) 295-6880
                (503) 291-9172 (Facsimile)
                rssola@msn.com
                Attorney for Plaintiff